

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 25, 1966

Honorable Thomas C. Green　　　　　　Opinion No. C-691
Texas State Board of Registration
　for Professional Engineers　　　　Re:　Whether the use of
Austin, Texas　　　　　　　　　　　　　　　certain engineering
　　　　　　　　　　　　　　　　　　　　　　titles and similar
　　　　　　　　　　　　　　　　　　　　　　engineering designa-
　　　　　　　　　　　　　　　　　　　　　　tions by persons not
　　　　　　　　　　　　　　　　　　　　　　licensed to practice
　　　　　　　　　　　　　　　　　　　　　　engineering in Texas,
　　　　　　　　　　　　　　　　　　　　　　violates the Texas En-
Dear Colonel Green:　　　　　　　　　　　gineering Practice Act.

　　　　In your letter seeking an official opinion from this
office, you have set forth that:

　　　　"Since August 30, 1965, when the Texas
　　Engineering Practice Act went into effect, it
　　has come to the attention of the Board that
　　unlicensed persons as employees of business
　　firms are calling themselves 'sales engineers,'
　　'moving engineers,' 'safety engineers,' 'tax
　　engineers,' and other similar engineering titles.
　　These titles are being used on stationery, build-
　　ing directories, telephone directories, business
　　cards, advertisements and other means of communi-
　　cation to the public."

　　　　In connection with the foregoing statement, you have
requested the opinion of this office upon the question of:

　　　　". . .whether or not use of the engineer-
　　ing titles and terms stated above and other
　　similar engineering designations by persons
　　not licensed to practice in Texas constitutes
　　violation of the Texas Engineering Practice Act."

　　　　Section 1.1 of Article 3271a, Vernon's Civil Statutes,
the Texas Engineering Practice Act, provides in part that:

-3322-

". . .in order that the state and members of the public may be able to identify those duly authorized to practice engineering in this state . . .only licensed and registered persons shall practice, offer or attempt to practice engineering or call themselves or be otherwise designated as any kind of an 'engineer' or in any manner make use of the term 'engineer' as a professional, business or commercial identification, title, name, representation, claim or asset. . . ." (Emphasis added)

Section 1.2 of Article 3271a provides in part that:

"From and after the effective date of this Act, unless duly licensed and registered in accordance with the provisions of this Act, no person in this state shall:

"
. . .

"(2) Directly or indirectly, employ, use, cause to be used or make use of any of the following terms or any combinations, variations or abbreviations thereof as a professional, business or commercial identification, title, name, representation, claim, asset or means of advantage or benefit: 'engineer', 'professional engineer,' 'licensed engineer,' 'registered engineer,' 'registered professional engineer,' 'licensed professional engineer,' 'engineered,'

"(3) Directly or indirectly, employ, use, cause to be used or make use of any letter, abbreviation, word, symbol, slogan, sign or any combinations or variations thereof, which in any manner whatsoever tends or is likely to create any impression with the public or any member thereof that any person is qualified or authorized to practice engineering unless such person is duly licensed, registered under and practicing in accordance with the provisions of this Act." (Emphasis added)

Section 20 of Article 3271a provides that certain persons shall be exempt from the provisions of the Texas Engineering Practice Act, but such exemption carries with it the proviso that such persons:

> ". . .are not represented or held out to
> the public as duly licensed and registered by
> the Board to engage in the practice of engineer-
> ing. . . ."

Also, in Subsections (g), (h), and (l) of Section 20 of Article
3271a is found the language that:

> ". . .This exemption includes the use of
> job titles and personnel classifications by
> such persons not in connection with any offer
> of engineering services to the public, provid-
> ing that no name, title, or words are used which
> tend to convey the impression that an unlicensed
> person is offering engineering services to the
> public."

In construing the above provisions, it would be im-
portant to note certain language found in Section 1.1 of Article
3271a which provides that:

> "In recognition of the vital impact which
> the rapid advance of knowledge of the mathematical,
> physical and engineering sciences as applied in
> the practice of engineering is having upon the
> lives, property, economy and security of our
> people and the national defense, it is the intent
> of the Legislature, in order to protect the public
> health, safety and welfare, that the privilege of
> practicing engineering be entrusted only to those
> persons duly licensed, registered and practicing
> under the provisions of this Act and that there
> be strict compliance with and enforcement of all
> the provisions of this Act . . .and all the pro-
> visions of this Act shall be liberally construed
> and applied to carry out such legislative intent.
> . . ."

In view of the foregoing provisions of Article 3271a
of the Texas Engineering Practice Act, we are of the opinion that
it is a violation of Article 3271a for an individual, not licensed
or registered by the Texas State Board of Registration for Pro-
fessional Engineers to practice engineering in the State of Texas,
to use, in connection with his name, such designations as "sales
engineer", "moving engineer," "safety engineer," "tax engineer"
or other similar designations making use of the word "engineer,"
or some derivative thereof, when used on stationery, building
directories, telephone directories, business cards, advertisements
or other means of communication to the public.

## S U M M A R Y

The use by an individual, in connection with his name, of such designations as "sales engineer," "moving engineer," "safety engineer," "tax engineer," or other similar designations making use of the word "engineer," or some derivative thereof, is a violation of Article 3271a, Vernon's Civil Statutes, when used on stationery, building directories, telephone directories, business cards, advertisements or other means of communication to the public, unless such individual has first been licensed or registered to practice engineering in the State of Texas by the Texas State Board of Registration for Professional Engineers.

Very truly yours,

WAGGONER CARR
Attorney General

By: Pat Bailey

Pat Bailey
Assistant

PB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
Mario Obledo
John Reeves
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright